IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:17-CV-97-BO

| | | |
|---|---|---|
| GARLAND LANCASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SSC GOLDSBORO OPERATING | ) | |
| COMPANY LLC d/b/a BRIAN CENTER | ) | |
| HEALTH AND | ) | |
| REHABILITATION/GOLDSBORO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to strike Plaintiff's designation of expert witness. [DE-20]. Plaintiff did not respond to the motion. For the reasons that follow, the motion is allowed.

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert testimony.

> Unless otherwise stipulated or ordered by the court, [the expert] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). On June 18, 2018, the deadline for Plaintiff to disclose retained experts [DE-16], Plaintiff designated Walter Fredericks, RN, LNC as his expert. Def.'s Mot., Exs. A & B [DE-20] at 5–8. Defendant advised Plaintiff that the disclosure failed to include a report meeting the requirements of Rule 26(a)(2)(B), and requested Plaintiff supplement the expert designation. *Id.*, Ex. B [DE-20] at 8. Plaintiff failed to respond to Defendant's request, and has not responded to the motion to strike.

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Meredith v. Int'l Marine Underwriters*, No. CIV. JKB-10-837, 2011 WL 1466436, at *3 (D. Md. Apr. 18, 2011) ("Rule 37(c)(1) 'gives teeth to the written report requirement of Rule 26(a)(2)(B) . . . .'") (citation omitted). Plaintiff's expert disclosure did not comply with Rule 26(a)(2)(B), and Plaintiff has made no showing that the report requirement does not apply to this expert or that the failure to provide the required information was substantially justified or harmless. *See Wright v. Commonwealth Primary Care, Inc.*, No. 3:10-CV-34, 2010 WL 4623998, at *5 (E.D. Va. Nov. 2, 2010) (striking expert disclosure where the plaintiff "did not provide the required expert reports or any other information in the manner required by the Federal Rules of Civil Procedure[.]"), *aff'd*, 445 F. App'x 632 (4th Cir. Sept. 6, 2011). Accordingly, Defendant's motion is allowed and Plaintiff's designated expert Walter Fredericks, RN, LNC is stricken.

SO ORDERED, the 24th day of August 2018.

_____
Robert B. Jones, Jr.
United States Magistrate Judge